STEWART, J.,
concurring.
_jjThe testimony of the plaintiff, Heather Matlock, established that she was not paying attention to where she was walking. Instead, she was carrying a bag of sports equipment and talking to her assistant coach and the young players who were all around her. The record established that, although there had been no other reported incidents, the depression had likely been there for a number of years and was easily remedied after Matlock’s accident. Considering the plaintiffs admitted inattentiveness while walking to the park entrance, I would assess her with fifty percent of the fault and assess fifty percent to the City of Shreveport. Comparative fault applies to claims against a public entity for damages caused by the condition of things in its care and custody. See Ricks v. City of Shreveport, 42,675 (La.App.2d Cir.10/24/07), 968 So.2d 863; Priest v. City Shreveport, 34,841 (La.App.2d Cir.7/11/01), 792 So.2d 80.
Moreover, the record shows that the plaintiff suffered an ankle sprain for which she was treated by Dr. Gordon Mead for a little over two months and attended seven sessions of physical therapy. Dr. Mead’s testimony that Matlock’s sprain was a six or seven on a scale on which 10 is the worst indicates a moderate injury. I would find a general damages award of $25,000 to be the highest point reasonably within the trial court’s discretion.